## HILLS & ux. v. SMITH AND TRUSTEE.

Where a trustee, in his disclosure, states that he purchased the property in ques" tion of the principal defendant, and holds it by an absolute title, and upon a subsequent trial by the jury it is found by their verdict that he holds it only as a pledge, and it appears that the claim of the trustee upon the property was fully equal to the value of the property pledged, and it does not appear that the conveyance of the property was received with any intent to aid the principal defendant in defeating or delaying his creditors, costs are not taxable in favor of the plaintiff against the trustee under section 34, chapter 208 of the Revised Statutes.

So also costs cannot be taxed, in such a case, in favor of the plaintiff against the trustee, under section 29 of said chapter, he not being entitled to any judgment against the trustee, either upon his disclosure or upon the verdict of the jury, and, consequently, not for a greater amount or for other property upon the verdict than upon the disclosure.

A trustee is entitled to costs against the plaintiff, under section 35 of the aforesaid chapter, and to a judgment and execution therefor, in all cases where he is not guilty of fraud or unnecessary delay, and where there is no money or other property in his hands, for which he is chargeable, from which costs can be deducted.

A trustee, who is a pledgee of personal chattels, is entitled to a fair compensation for all reasonable expenses attending the keeping of them, and has a lien therefor upon the property pledged as against the pledgee and the plaintiff.

Such trustee, upon the sale of the chattels pledged to him by a receiver, under the direction of the court, is entitled, both as against the principal defendant and the plaintiff, to so much of the avails of such sale as will satisfy not only the original debt for which the chattels were pledged, but also the reasonable expenses incurred in the keeping of the same.

Where the question as to the comparative value of the keeping of the chattels pledged, and of their use received by the trustee, has been submitted to an auditor, and determined by him, without objection, the right of the plaintiff to have that question submitted to a jury will be regarded as waived, if it ever existed.

Where, by the verdict of a jury, personal chattels are found in the hands of a trustee, holden by him as a pledge for the security of a debt, the proper course is to appoint a receiver to take and offer the chattels at public sale, and to ascertain their value in that way, and the question of their value is not one which the court is authorized to send to an auditor, or any other tribunal, for decision.

FOREIGN ATTACHMENT. The trustee, in his disclosure, being interrogated in relation to his ownership of a horse,

wagon and harness, made answer that he purchased the same of the principal defendant, and held them under an absolute sale from the principal defendant to him. Upon making this disclosure, the question whether or not the trustee was chargeable was, on motion of the plaintiff, submitted to a jury, an issue being framed for that purpose, and a verdict was returned that the trustee held said chattels under a pledge from the principal defendant, to secure a debt due to him from the principal defendant. A receiver was thereupon appointed by the court, by whom the chattels were sold, under the direction of the court, for a sum greater than the amount of the debt for which they were pledged. The trustee then moved the court that the receiver be directed to pay to the trustee, out of the balance of the proceeds of the sale in his hands, a reasonable compensation for the keeping of the horse, and an auditor was appointed by the court to ascertain the amount of the expense incurred by the trustee for the keeping of the horse, beyond the amount received by him from his use.

The auditor reported a balance due to the trustee for the keeping of the horse, over and above the amount received from his use, greater than the balance received from the sale of the chattels, after paying the debt for which they were pledged.

The trustee moved for an order on the receiver, to pay over the balance in his hands to the trustee, and for judgment against the plaintiff for his costs. And also moved that the value of the property specified in the verdict might be found by an auditor, or in such other manner as the court should order.

The plaintiff moved that the questions whether the value of said keeping exceed the value of said use, and if so, how much, be tried by a jury; and also, if said motion be denied, that judgment be rendered in favor of the plaintiff against the trustee for costs, including the amount paid by the plaintiff to the trustee for his costs, up to the time of the

plaintiff's motion to submit the question of the liability of the trustee to a jury.

The questions arising upon the foregoing facts and motions were transferred to this court for decision.

*Marston,* for the plaintiff.

I. The question determined by the auditor has become the main question.

The plaintiff submits that he has a right to a trial of that question by a jury. Bill of Rights, § 20 ; Comp. Laws, ch. 201, §§1–5.

II. The plaintiff is entitled to costs in any event.

The trustee is chargeable upon the verdict for other property than he would have been upon his disclosure.

It makes no difference that claims upon the property absorbed it, so that the plaintiff could realize nothing.

The trustee, upon his disclosure, was not chargeable at all. Upon the verdict, he was chargeable with a horse, wagon and harness, the property of the principal defendant. Comp. Stat. ch. 221, § 29.

*Stickney & Tuck,* for the trustee.

1. The trustee claims the money in the hands of the receiver, arising from the sale of the property found by the verdict to have been pledged to him as security for his debt of $52,50, against the defendant.

The mortgagee or pledgee of personal property is entitled to compensation for the necessary expenses of keeping the property. These expenses, when they accrue, are an incident to the mortgage or pledge, and become a legal lien or claim upon the property, as much so as the debt itself, and the mortgager or pledgor is just as much bound to pay these expenses as he is to pay the debt itself, before he can redeem and recover back the property.

In this case, the debt and interest and expenses of keeping amount to more than the property sold for, and, conse-

quently, we contend that the trustee is entitled to the whole sum; he is not to be restricted to the amount of his debt and interest merely. The principal defendant could not redeem the property and take it back, without paying or tendering to the trustee the full amount of his debt and interest and expenses of keeping, and the creditor can stand no better, in this respect, than the principal defendant would, if there had been no trustee process.

2. The trustee claims his costs against the plaintiff. Chapter 221, § 35, p. 532 of the Compiled Statutes provides that "in all cases where the trustee has not been guilty of fraud or unnecessary delay, he shall be entitled to his costs."

We claim costs under that statute. The trustee has been guilty of no fraud or unnecessary delay; the most that can be said is, that he mistook his title and made a wrong statement in regard to it; he considered the sale absolute and his title to the property absolute, but the jury found that, under the circumstances, he was entitled to hold the property only as a pledge for the security of his debt. The jury could not have found that he had been guilty of any fraud; if they had, they would have charged him with the full amount of the property in his hands, without regard to his debt.

This case does not come within section 29 of the same chapter, which provides that "if on such trial judgment shall be rendered against the trustee for a greater amount, or for other property than he would have been chargeable for on his disclosure, judgment shall be rendered against him for costs also," &c.

To bring a case within that section, there must be such a judgment against the trustee as will charge him with some amount, or with other property, or make him liable in some way as trustee, beyond his disclosure. Now, we say, there is and can be no such judgment in this case. It is true, that the verdict found that the trustee held the property by a different title from what he disclosed, but it does not

follow from that, by any means, that judgment must be rendered against him for a greater amount, or for other property, than he would have been chargeable for on his disclosure. Whether he would or not depends upon the value of the property and the amount of the debt. If property worth one hundred dollars be pledged to secure a debt of two hundred dollars, it seems clear that the trustee could not be charged, because there is nothing in his hands upon which the trustee process could attach; and in such case it would be immaterial to the plaintiff whether the trustee disclosed that he held the property by an absolute title or as a pledge, inasmuch as he could not be charged as trustee in either case.

It is not every wrong statement of facts by a trustee that will render him liable to costs under the statute. The jury may find a state of facts very different from that stated in the disclosure, yet if, upon the state of facts thus found, the trustee is not chargeable, he clearly would not be liable to costs. In order to make him liable to costs, the verdict must make him liable for something beyond his disclosure. Now, in this case, we say that the verdict does not make the trustee liable for any thing, and he cannot be charged upon the facts found by the verdict. The case finds that the debt of the trustee and the expense of keeping the property, amount to more than the sum for which the property was sold. This expense was a legal lien or claim upon the property, and the trustee had the right to detain the property as against the principal defendant and his creditors, until this claim was paid in full. When property thus pledged is sold by the receiver, he must apply the proceeds to pay first the claim of the trustee upon it, and the balance only goes to the plaintiff. In this case, the receiver did not sell the property for enough to pay the claim of the trustee upon it. The trustee, therefore, is entitled to the whole sum for which it sold. How, then, can the plaintiff recover judgment against the trustee for any thing? And what

difference does it make with the plaintiff whether the trustee disclosed that he held the property by an absolute title, or as a pledge for the security of a claim greater than the value of the property? In neither case could the plaintiff recover any thing against the trustee.

It may be urged by the plaintiff that, by the verdict, he had a right to have the property sold by a receiver, whereas, by the disclosure, he had no such right.

The plaintiff has that right in certain cases. Section 16 of the chapter before cited provides that a receiver may dispose of the property, "if a greater amount than the sum due can be obtained therefor," but not otherwise. The sum due must be understood to be the lien or claim of the trustee upon the property, including not merely his original debt, but the interest on that debt, and the expenses of keeping the property; in short, every thing for which the trustee was entitled to detain the property as against the principal defendant. In this case, the lien or claim of the trustee upon the property was greater than the sum for which it was sold, and, consequently, we say that the receiver had no right to sell the property. It does not come within that class of cases provided for by the statute. This makes the wrong statement, made by the trustee, as to his title, immaterial.

We submit, therefore, that it would be unjust and against equity and good conscience to make the trustee, in this case, liable to the plaintiff for costs, or to refuse him his own costs against the plaintiff, merely because he made this mistake or wrong statement as to his title to the property, when, in fact, it could make no difference to the plaintiff which way he stated his title, as he could not charge the trustee in either way.

3. The trustee contends that the value of the property has never been found; the sale by the receiver was no evidence of the real value of the property, because that sale was collusive. The purchaser was a brother of the princi-

pal defendant, and a brother-in-law of the plaintiff, and the property was run up beyond its actual value merely to have an effect on this case. The trustee says that the actual value of the property was less than his debt, without any expense, and if that matter is material in any way, in the opinion of the court, he desires that the value of the property may be found in such manner as the court shall order.

4. The trustee contends that the plaintiff is not entitled to have the question as to the value of keeping the property tried by the jury.

The court appointed an auditor to report the expense of keeping and the value of the use of the property. No objection was made by the plaintiff, and the auditor heard the parties and made his report, and we contend that it is too late now for the plaintiff to move for a trial by the jury, if he ever had that right. He has no right to have the matter tried in one way, and, if he is dissatisfied with the result, to move to have it tried in another way. It is not a case within the statute authorizing a trial by jury in certain cases, where there has been a report of an auditor. Those cases are confined to accounts between the parties.

But we say that the plaintiff never had the right to try this matter by a jury. It is a collateral matter, arising in the progress of the trial, which the court settles in such manner as they think proper. It has never been the practice, to our knowledge, to grant a trial by the jury upon any such collateral matter, but the uniform practice has been, we believe, for the court to settle such matters either upon evidence furnished them, or upon the report of an auditor. There has been one jury trial, in this case, upon the principal matter in controversy between the parties, and we suppose neither party has the right to try by the jury every collateral matter that may arise in the progress of the trial.

WOODS, J. Costs cannot be taxed against the trustee, on the ground of fraud. It is not shown that the trustee

held the property of the plaintiff with any view or design of aiding him in defeating or delaying his creditors. *Bell* v. *Glazier & Trustee,* 13 N. H. Rep. 134; Rev. Stat. ch. 208, § 34, and it was holden to secure a claim greater in amount than its full value.

Neither can costs be taxed against the trustee, under section 29 of chapter 208 of the Revised Statutes. For, in the present case no judgment can be rendered against the trustee for any sum of damages or for any property whatever, and, consequently, he cannot be said to be chargeable for a greater amount, or for other property, than he would have been chargeable for upon his own disclosure. Upon the verdict found and upon the facts of the case, no judgment could properly be rendered against the trustee, since he as against the principal, is entitled to all the property found in his hands. So, also, as against the plaintiff, until his lien should be fully discharged. He is not chargeable on the face of the verdict, nor, in fact, for any property applicable to the claim of the plaintiff. Upon his disclosure no judgment could be rendered against him, and so also upon the finding of the jury no such judgment could be rendered. It is only upon the rendition of judgment against the trustee for a greater amount, or for other property than is disclosed, that costs are to be allowed under the provision of section 29 now under consideration. The character of the trustee's title to the property is shown by the verdict to be different from that disclosed, but still he was well entitled to all of it by the form of conveyance, by which he, in fact, held it. The result, upon the respective rights of the parties, is the same upon the disclosure and upon the verdict. We see not how he is chargeable with costs on this ground.

And we think, moreover, that under the provisions of section 35 of the chapter already referred to, the trustee is entitled to have his costs taxed against the plaintiff, and to a judgment therefor. He is not shown guilty of fraud or unnecessary delay, and there are no funds in his hands for which

his costs can be deducted, and we discover no equity in refusing him costs.

And we see no sufficient reason for refusing the order for the payment of the balance of the proceeds of the sale by the receiver to the trustee, which was applied for by him. The money is in the hands of the receiver, is held in trust for the party entitled to it, and, in this case, is properly to be paid over and applied in discharge of whatever may be due to the trustee, by virtue of the pledge. The necessary expenses of the keeping and maintenance of the pledge were manifestly and justly due to the trustee. Nothing is to be paid, either to the creditor or to the principal debtor, until after the lien growing out of the pledge is fully discharged. Rev. Stat. ch. 208, § 16, before cited. Here were not funds enough even for that purpose.

We need not now determine whether the court of common pleas have power or not to send a case to the jury to determine a question like that proposed by the plaintiff, in the present case, namely, whether the value of the keeping exceeds the value of the use of the property. It is sufficient to say that if the power be possessed, and the plaintiff have the right even to require it, that the plaintiff may also waive that right in any case ; and we think it is to be regarded as waived in a case where the question has been sent to an auditor or commissioner, without objection, and has been heard and determined. We think it would be going quite too far to allow the same matter to go to a jury for determination, especially in a case where there is so little probability of injustice being done by the finding of an auditor as in the present case.

We are not aware of any proper or useful result to be attained by sending the case to an auditor, or to any other tribunal, in accordance with the motion of the trustee, to determine the value of the property found by the verdict in the hands of the trustee. The verdict found that the chattels were holden by the trustee as a pledge. Upon that

finding, the proper course to be pursued was that adopted by the court, namely, to appoint a receiver, whose duty it would be to test their value by an offer of them at a public sale, under the direction of the court, and to sell the same only if a greater amount could be realized than is sufficient to pay and discharge the amount of the lien of the trustee thereon. This point has been determined in a former case reported, and we see no reason to doubt the correctness of the decision. *Briggs* v. *Walker*, 1 Foster's Rep. 72. If so much cannot be realized upon such offer or sale, then the property is to be restored to the pledgee. *Briggs* v. *Walker*, before cited. Under this view of the law, we discover no legitimate object to be accomplished by the reference of the question of the value of the property to an auditor. And, moreover, we are of the opinion that, consistently with the construction already given to the statute, the proper and perhaps the only method authorized thereby, was adopted by the court in the appointment of the receiver. and the offer of the property at public sale. If any error has been committed in the proceedings in this case, it consists in the actual sale for a sum less than the amount of the lien of the trustee. *Briggs* v. *Walker*, before cited.

The foregoing determinations show that the motions, on the part of the plaintiff, must be overruled.